THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ANDY ATKINSON *et al.*, Defendants-Appellees.

(No. 73-87; )

Second District—July 30, 1974.

Patrick E. Ward, State's Attorney, of Dixon, for the People.

William J. Sturgeon, of Dixon, and Ralph Ruebner, of the State Appellate Defender's Office, of Elgin, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal by the State from an order of the trial court at the preliminary hearing suppressing the oral and written statements of de-

fendants Andy Atkinson and Chester Prescott given to the police after their arrest.

In an agreed statement of facts, it appears that police officers were investigating a burglary of a vacant Lee County residence. They went to the residence of Kendall Lee Piper where they obtained spousal consent to enter the Piper home and thereupon made a plain-view observation of numerous items of personal property taken from the burglarized residence. Defendant Piper was arrested without a warrant on November 14 and charged with burglary. Piper made an oral and written statement to the police which implicated the defendants Atkinson and Prescott as participating in the burglary. The defendants Atkins and Prescott were immediately arrested without a warrant and were taken to the Lee County jail where they too made oral and written statements relative to the burglary.

A motion to suppress the statements of Atkinson and Prescott, as well as Piper, was made, and the trial court found that defendant Piper's statements were voluntarily secured. However, the trial court found that the implication by Piper of the defendants Atkinson and Prescott as participating in the burglary "was not sufficient absent corroboration to merit a reasonable belief that probable cause existed to believe that they had committed the offense." Accordingly, the oral motions of the defendants Atkinson and Prescott to supress their statements was granted.

The sole question presented to this court is whether an arrest without a warrant may be made based upon the custodial statement of an accused where he advises the police of the names of the parties who participated with him in the crime.

Considerable confusion has arisen in recent years relative to the arrest and suppression of evidence obtained through "an informant." Counsel for the defendant has cited a number of cases in this regard which we do not believe are controlling in the case before us. We believe that this situation is entirely different from one where information is supplied by "an informant" relative to a crime alleged to have been committed.

The defendants have stated "that a co-conspirator's accusations cannot be treated with the same trustworthiness as those of an ordinary witness, the victim, or a non-participating witness." This may well be true, but the test is whether or not the statement of a co-offender establishes probable cause for the arrest of the alleged participating accomplices. Counsel has further stated that there is "precious little law in Illinois dealing with this precise question." With this statement we do not agree.

In *People v. Roberta* (1933), 352 Ill. 189, 194, 185 N.E. 253, the Illinois Supreme Court considered a raid upon a house of prostitution. Two of the girl inmates stated that a "couple of sluggers" were connected with

the house of prostitution and were in a store room in the building. Based upon this information from the girl inmates the police arrested the two "sluggers" and found pistols upon the persons of each. The supreme court stated:

> "However, from the information which the police received from the girl inmates it was reasonable for the officers to believe that the place was being conducted as a house of prostitution and that these men had some connection therewith, which was a violation of the law. Under such circumstances we think the seizing of the men by the officers, which we take it was then considered by them as an arrest, and their being taken into custody, were justified." 352 Ill. at 194.

Similarly, in *People v. Denham* (1968), 41 Ill.2d 1, 241 N.E.2d 415, 418, Leon Miller was arrested in connection with a robbery. Miller implicated Richard Ford, who was subsequently arrested, and in turn Ford informed the police that the defendant was committing burglaries in the old town area together with Irving Duffy. The defendant was arrested upon the basis of this information. At the time of his arrest he was carrying a knife. Under these facts the court stated:

> "We believe that the facts before us constituted probable cause for defendant's arrest. The arresting officer had information from one person arrested as a member of a robbery gang implicating the defendant and Irving Duffy as members of the gang. Interrogation of Duffy corroborated the fact of defendant's place of employment and the mutual acquaintance between Irving Duffy and the defendant, and also the fact that defendant was 'crazy' and armed. This was far more than the unsolicited and uncorroborated 'tip' in *Parren* [24 Ill.2d 572, 182 N.E.2d 662] and fully justified prompt police action in arresting and searching the defendant." 41 Ill.2d at 5.

Lastly, we consider the case of *People v. McKee* (1968), 39 Ill.2d 265, 235 N.E.2d 625, 630, which we believe is strikingly apposite to the facts of the case before us. In *McKee* the court stated:

> "Here two men had been arrested and, admitting their own participation in the robbery and murder, they implicated defendant McKee and told the police where he might be found. The police immediately went to the hotel, inquired as to the room of defendant, found the door in the process of being opened by defendant, announced their identity and purpose, arrested him and removed a gun from his person. We hold such arrest to be lawful and fully supported by probable cause and his statement made at that time to be admissible." 39 Ill.2d at 273.

Accordingly, we find that the trial court was in error in suppressing the statement made by the co-offenders and finding no probable cause for their arrest. We therefore reverse the order of the trial court suppressing the statments of the defendants Atkinson and Prescott finding no probable cause for their arrests. We remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

T. MORAN, P. J., and SEIDENFELD, J., concur.